## H. & G. N. R. R. Co. v. VAN BAYLESS.

(No. ——, Op. Book No. 1, p. 176.)

APPEAL from Smith County. Opinion by ECTOR, P. J.

§ **500.** *Railroad company; not responsible for injuries caused by an independent contractor in the construction of the road.* Appellee recovered of appellant a judgment

for the value of his mule, which was killed by a train on appellant's road. At the time the mule was killed, the road and trains were being controlled and operated by contractors engaged in the construction of the road, over which contractors the railroad company had no control. *Held:* A person, either natural or artificial, is not liable for the acts or negligence of another, unless the relation of master and servant, or principal and agent, exist between them. When an injury is done by a party exercising an independent employment, the party employing him is not responsible to the party injured. A company is generally responsible for the acts of only such persons as sustain towards it the relation of agents or servants. It is important to ascertain what circumstances create this relation, so as to determine its liability. The relation does not subsist when the employee exercises an independent employment, and is not under the immediate direction of the employer. Thus, if A. lets out a piece of work to B., and B., or his servant, while engaged in performing it, injures C., A. is not responsible; for B. and the persons employed by him are not the servants of A. This doctrine is now well established in America. [1 Parsons on Con. 88–93; Story on Agency, § 454a; 24 Barb. 355; Redfield on Railways, 505, 506; 3 Mass. 349; 46 Penn. 213; 17 Mo. 121; 4 Exch. 244.] In the case at bar, the trial court charged the jury as follows: "I charge you that contractors for the construction of a railroad are, during the execution of said work, the servants of the company, and that the tortious acts of the contractors, while about the business of the company, are properly chargeable to it." This charge was erroneous.

§ **501.** *Employer is liable for act of contractor, when.* When a contractor is employed to do an unlawful act, a person injured by such unlawful act, or by any result of it, may recover damages from either the contractor or the employer, or both. [Shearman & Redfield on Neg. § 84.]

§ **502.** *Statute not applicable to this case.* Article 4926, Revised Statutes, does not apply to this case so as

to make the railroad company liable for the killing of plaintiff's mule. If the company had been in possession of the road and operating the same when the mule was killed, then the company would certainly be liable. But the proof in the case is that, at the time the mule was killed, neither the road nor the cars upon it were in the possession or under the control of the company. The company had no such legal control or interest in the road as would make it liable under the statute for stock killed or injured by the construction train run by the contractors thereon, for their own sole use and benefit, and under their exclusive direction and control.

November 24, 1876.          Reversed and remanded.